**Rick Wayne SEARS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–01–505 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Aug. 21, 2002.

Decided Nov. 20, 2002.

John D. MacDonald II, Conroe, for appellant.

Michael A. McDougall, District Attorney, Gail Kikawa McConnell, Assistant District Attorney, Conroe, for State.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

A jury convicted Rick Wayne Sears of aggravated sexual assault of a child and, upon finding the State's enhancement allegation "true," sentenced Sears to confinement for life in the Texas Department of Criminal Justice, Institutional Division. Sears appeals raising three issues.

■ Issue one contends the evidence adduced during the punishment phase of the trial was legally insufficient to sustain the jury's finding of "true" to the State's enhancement allegation. Defense counsel objected to the judgment entered by the State purporting to establish Sears' 1982 conviction on the grounds:

- it did not recite whether or not the defendant knowingly and intelligently and voluntarily waived the right to trial by jury; [the judgment reflects a plea of "guilty"]

- there was no thumb print of the defendant on the judgment;

- the judgment was not signed by the defendant;

- the degree of the offense was not listed on the judgment; and

- the attorney that represented the defendant at the time was the same attorney that fell asleep during a capital trial.

The judgment does recite that the defendant waived his right of trial by jury, was

admonished by the Court of the consequences of his plea, and that it plainly appeared to the Court that the plea was free and voluntary. Article 42.01 of the Texas Code of Criminal Procedure in effect at the time judgment was entered did not require the defendant's thumbprint, the defendant's signature, or the degree of the offense to be stated in the judgment. *See* Act of May 31, 1981, 67th R.S., ch. 291, § 111, 1981 Tex. Gen. Laws 809. *But see* Tex.Code Crim. Proc. Ann. art. 42.01, § 1(14), (23) (Vernon Supp.2002). On appeal, no argument is made regarding the quality of counsel in 1982.

Furthermore, during punishment, the State offered Exhibit Number 1, a pen packet purporting to be evidence of Sears' 1982 conviction, and Exhibit Number 2, a card of Sears' recently obtained fingerprints. Jimmy Chilcutt, latent fingerprint examiner for the Conroe Police Department, testified for the State. Chilcutt testified he took a print of Sears' right index finger twenty minutes ago and it matched the right index finger of the ten-print card from the pen packet. Chilcutt then answered, "Yes" when asked if it was his opinion that the Mr. Rick Wayne Sears he just took the fingerprints from matched the fingerprints in State's Exhibit Number 1. Exhibit Number 2 is, in fact, a card with prints purporting to be from the index and middle fingers of Sears' left hand. Defense counsel moved the exhibits not be admitted into evidence and for a directed verdict on the basis that Chilcutt testified he took the fingerprints from the right hand but Exhibit Number 2 was of the left hand. The State countered, "they have already been admitted. He might have put it on the left hand. He said they were the right fingerprints. We will stop him and bring him back in. Both exhibits have already been admitted into evidence." The trial court then overruled defense counsel's objection.

Although it would have been preferable for the State to clear up any confusion resulting from the fact that the card appears to contradict Chilcutt's testimony, Chilcutt did testify that he took Sears' right index fingerprint and it matched the right index fingerprint on the card in the pen packet. Accordingly, we cannot say the evidence is legally insufficient to support the jury's finding of "true." Issue one is overruled.

■ In his second issue, Sears claims the trial court violated his due process right to notice under the Sixth and Fourteenth Amendments of the United States Constitution when it allowed the State to present enhancement evidence over Sears' objection that he had received inadequate notice of the State's intent to offer the evidence. We agree.

The State filed a Notice of Intent to Prove Witness's Convictions Pursuant to Texas Rule of Criminal Evidence 609 on September 28, 2001, notifying Sears of its intent to introduce evidence of his August 6, 1982, conviction for aggravated sexual abuse of a child. Subsequently, on Friday, October 5, 2001, the State filed a Notice of Enhancement Allegations to be Submitted to Fact Finder at Punishment, notifying Sears of its intent to enhance the punishment range in this cause with his August 6, 1982, conviction. Trial began the following Monday. Prior to trial, defense counsel objected to the State seeking to enhance the punishment range, noting the indictment failed to include an enhancement paragraph. The State argued that under *Brooks v. State*, 957 S.W.2d 30 (Tex. Crim.App.1997), it was not necessary to put it in the indictment and the defense was given notice Friday. The State also asserted it had been "discussed" and the pen pack was in the State's file. Defense counsel countered the notice was not time-

ly and questioned whether the "Notice" constituted a "pleading" within the meaning of *Brooks*. The State claimed the Defense was not surprised and that the notice sufficed under *Brooks*.

The trial court concluded the Rule 609(f) notice was not a pleading but found the October 5th notice of enhancement allegations was, and overruled the defense's motion. Defense counsel then requested a continuance "based on the new pleading that has been presented as of last Friday." The State strenuously objected and contended the defense "should be prepared. They have seen the file." The trial court then denied the motion for continuance. The trial court did note, "[i]t does concern me that it wasn't even in the file until the 5th on Friday and set for trial on Monday, but it is pleadings and the Brooks matter seems to say that's all that has to be there...." Defense counsel pointed out that in *Brooks*, the court found error was waived by failing to object.

We first note that the sole issue decided in *Brooks* was whether the enhancement paragraphs must be pleaded in the indictment; the Court of Criminal Appeals held they do not. *Brooks*, 957 S.W.2d at 34. *Brooks* did not decide, and it was not an issue, whether the notice was timely. In *Brooks*, the defendant was notified "months before trial" that the State intended to seek an enhanced punishment range. *Brooks v. State*, 921 S.W.2d 875, 879 (Tex.App.-Houston [14th Dist.] 1996). It is important to recognize that in this case Sears pleaded "not true" to the enhancement allegation, unlike Brooks; Sears was not notified months before trial the State sought to enhance his sentence, unlike Brooks; and Sears' defense counsel did complain the enhancement allegation surprised him and that he was unprepared to contest the allegation, unlike Brooks. *Id.* Therefore, while the State was correct

in arguing to the trial court that *Brooks* did not require the allegation to be in the indictment, that is the sole extent to which *Brooks* applied to the case at bar. *Brooks*, 957 S.W.2d at 34.

■ We reject the State's position that anything other than the notice filed October 5th could satisfy the requirement that "prior convictions used as enhancements must be pled in some form." *Id.* at 34. "The Court has always held that enhancement allegations must be set forth in writing." *Chimney v. State*, 6 S.W.3d 681, 696 (Tex.App.-Waco 1999, pet. filed) (citing *Brooks*, 957 S.W.2d at 34; and *Farris v. State*, 155 Tex.Crim. 261, 263–64, 233 S.W.2d 856, 858 (1950)). The accused has a right to be advised that a greater penalty is to be sought. *See Hollins v. State*, 571 S.W.2d 873, 876 (Tex.Crim.App.1978). Sears was not so advised until October 5th. The State's notice that if Sears testified he would be impeached with the prior conviction in no way informed him that he was facing a mandatory life sentence if convicted. Neither did the fact that the State's file contained the pen pack cure the infirmity. Were we to accept the State's position that it was somehow defense counsel's duty to anticipate the State would seek enhancement, the notice requirement would be useless. Accordingly, the issue we must determine is whether notice given sometime on Friday before trial begins on Monday satisfies a defendant's right to notice.

■ As *Brooks* notes "[t]he theme through all of these cases appears to be that a defendant is entitled to notice of prior convictions *to be used for enhancement*." *Brooks*, 957 S.W.2d at 33 (emphasis added). An accused is entitled to *proper* notice of any prior conviction alleged for enhancement of punishment. *See Hollins*, 571 S.W.2d at 875 (emphasis added). Proper notice constitutes " 'a description

of the judgment of former conviction that will enable [the accused] to find the record and make preparation for a trial of the question whether he is the convict named therein.'" *Id.* at 875 (quoting *Morman v. State,* 127 Tex.Crim. 264, 75 S.W.2d 886 (1934)). Sears was given less than one full business day, and two weekend days, to make such preparations.

We do not determine a certain time frame but mark that ten days' notice is considered sufficient in a number of instances. Appointed counsel is allowed ten days to prepare. *See* Tex.Code Crim. Proc Ann. art. 1.051(e) (Vernon Supp.2002). Upon request, a defendant is given ten days to respond to an amended indictment or information. *See* Tex.Code Crim. Proc Ann. art. 28.10(a) (Vernon 1989). Absent a waiver, a probationer is entitled to be served with a motion to revoke at least ten days before the hearing. *See Campbell v. State,* 456 S.W.2d 918, 920 n. 3 (Tex.Crim. App.1970). Notice is presumptively "reasonable" if given at least ten days before trial. *See Chimney,* 6 S.W.3d at 694.

■ For the reasons stated above, we find the notice given was not timely; thus the trial court erred in permitting the State to enhance the punishment range in this cause. As the error is constitutional, it is reversible unless we determine beyond a reasonable doubt it did not contribute to the punishment assessed. *See* Tex. R.App. P. 44.2(a). Because of the error, the jury was instructed to assess punishment at confinement for life, as opposed to being permitted to assess punishment somewhere in the range of five to ninety-nine years. *Compare* Tex. Pen.Code Ann. § 22.021(e) (Vernon Supp.2002) *and* Tex. Pen.Code Ann. § 12.42(c)(2) (Vernon Supp. 2002). Clearly then, the error contributed to the punishment. Issue two is sustained. Because sustaining issue three would not result in greater relief, it is not addressed.

The conviction is affirmed. Because the error occurred during the punishment phase, we reverse the judgment and sentence of the trial court and remand the cause to the trial court for a new punishment hearing. *See Young v. State,* 922 S.W.2d 676, 678 (Tex.App.-Beaumont 1996, pet. ref'd); Tex.Code Crim. Proc Ann. art. 44.29(b) (Vernon Supp.2002).

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

RONALD L. WALKER, Chief Justice, concurring.

I concur in the result reached by the lead opinion. The core of due process is the right to notice and a meaningful opportunity to be heard. *LaChance v. Erickson,* 522 U.S. 262, 266, 118 S.Ct. 753, 756, 139 L.Ed.2d 695, 700 (1998); *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985); *Ex parte Geiken,* 28 S.W.3d 553, 560 (Tex. Crim.App.2000). It is obvious that appellant's liberty interest was at stake in the criminal prosecution he faced in the trial court below. Under the unique circumstances of this case, it is clear to me that providing trial counsel with notice of the enhancement allegation on the Friday before the commencement of trial the following Monday did not provide appellant with a meaningful opportunity to be heard.

Until the State presented trial counsel with the proper notice of the enhancement allegation, appellant was on notice that his punishment exposure was to be that of a first degree felon—"life or for any term of not more than 99 years or less than 5 years." Tex. Pen.Code Ann. § 12.32 (Vernon 1994). Section 12.32 can be said to provide for a *range* of punishment options with regard to the number of years of incarceration for the *discretion* of the punishment factfinder. Trial counsel might

consider a number of trial strategies in an attempt to *mitigate* his client's exposure to the higher end of the punishment *range* when facing punishment under section 12.32.

However, when the State presented trial counsel with the enhancement notice on Friday, appellant faced being punished under TEX. PEN.CODE ANN. § 12.42(c)(2)(A)(i) (Vernon Supp.2002), which provides that if a defendant is convicted of an offense under section 22.021 (Aggravated Sexual Assault), as was the charge against appellant in the instant case, "[a] defendant *shall be punished by imprisonment in the institutional division for life* [.]" (emphasis added). With the State's enhancement notice, appellant's original punishment *range,* along with any *discretion* of the punishment factfinder, was virtually eliminated. Once the punishment factfinder determined the enhancement allegation evidence to be "true," the usual punishment assessment factors such as *range, discretion,* and *mitigation* vanished. Under section 12.42(c)(2)(A)(i), **life is mandatory.**

I agree with the lead opinion's statement that we are not making a determination that a minimum number of days is required for all cases involving eleventh-hour enhancement notice. I would consider future similar issues on a case by case basis. The amount of "notice time" given one defendant might afford a reasonable opportunity to be heard under one particular set of facts while the same amount of "notice time" may completely deprive another defendant of such an opportunity under an entirely different set of facts. Under the particular facts and circumstances presented in the record appellant was not afforded a reasonable opportunity to be heard in violation of his right to due process.

For these reasons, and for the harm flowing from the due process violation, I concur in reversing the sentencing portion of the trial court's judgment and remanding the cause for a new punishment hearing. Naturally, since the lead opinion's reversal of the punishment error is without instructions to conduct the new punishment hearing in a particular way or to render a specific sentence, the effect is to restore the parties to the same situation as that in which they were prior to the appeal. *See Musgrove v. State,* 82 S.W.3d 34, 37 (Tex.App.-San Antonio 2002, pet. ref'd). *See also* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2002) (If "new trial" is awarded based solely on punishment stage error, "the [trial] court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code."). As art. 37.07, sec. 3(a) permits the State to offer evidence of, among other things, the prior criminal record of the appellant, the State would not be precluded from offering the August 6, 1982, prior conviction for sexual assault in an attempt to enhance appellant's punishment. With these observations, I concur in the result reached by the lead opinion.

DAVID B. GAULTNEY, Justice, concurring.

I respectfully disagree that the error here in denying the motion for continuance was constitutional, so I also disagree with the standard for the harm analysis utilized in the lead opinion. But I agree a new punishment hearing is required under the specific circumstances in this case. And I agree with Chief Justice Walker that on remand the punishment remains subject to enhancement.

I believe Rule 44.2(b) governs the harm analysis to be conducted if a trial court errs in denying a continuance to respond to a pleading. *See* TEX.R.APP. P. 44.2(b).

The harm analysis determines whether substantial rights were affected: Was the defendant prejudicially surprised under the circumstances—thereby requiring a continuance? Because I conclude the error in this case affected substantial rights, I concur with the remand for a de novo punishment hearing.