In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00112-CR
______________________________


JAMES PLAMON MCNATT, II, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 21,325


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N
            Fifty-nine-year-old James Plamon McNatt, II, was sentenced to ninety-nine years'
imprisonment after he was convicted of third-degree felony driving while intoxicated (DWI)


 and
had his sentence enhanced with two prior felony convictions.


 Though McNatt's driving record
includes at least ten prior DWI offenses dating back to 1969, the principal question before us is
whether the State gave sufficient notice to McNatt of its intent to enhance his punishment with only
one prior offense or with two.
            McNatt argues he received such notice with regard to only one offense, effectively, and that
therefore the jury should have been restricted to the punishment range of two to twenty years'
confinement, rather than the range actually used, twenty-five to ninety-nine years, or life. He also
asserts the trial court erred in denying his motion for a continuance during the punishment phase and
in charging the jury on sentence enhancement. 
            We reverse the sentence and remand to the trial court for a new punishment trial at which
McNatt's range of permissible sentence will be limited to two to twenty years' confinement. We
reach that result because we hold (1) the trial court erred in permitting the enhancement of McNatt's
sentence with two prior convictions without sufficient notice of the second conviction, (2) there was
error in the jury charge on punishment, and (3) a new punishment trial must be held at which the
State is limited to the one properly-noticed sentence enhancement conviction, thus authorizing a
possible range of punishment limited to the range of two to twenty years' confinement.
1. The Trial Court Erred in Permitting Enhancement of McNatt's Sentence with Two Prior
Convictions without Sufficient Notice of the Second Conviction

            The State points to three documents it says gave McNatt sufficient notice that his sentence
would be enhanced using a Dallas County conviction in cause number F-86-70217-HM as the second
sentence-enhancing conviction. We (a) examine those documents before (b) explaining why the
notice given was insufficient.
            a. The Notice Documents
            The State claims notice of the second sentence-enhancing conviction was properly given by
(i) the indictment, (ii) the March 6 letter notice, (iii) the March 25 motion to reconsider, or a
combination of those three documents. We examine each document in turn.
 
                        i. The Indictment
            The indictment contains two counts. Count I, intended as the jurisdictional enhancement of
DWI to third-degree felony DWI, alleged eight offenses, including two convictions in Dallas County,
Texas, in cause numbers MB98-61171-G and MA-82-45260-E, obtained in 2000 and 1992,
respectively, to which McNatt later stipulated, supplying the jurisdictional enhancement sought by
the State to make the offense a third-degree felony. The agreement to stipulate to those two
convictions included the State's promise not to mention any other of the eight convictions during the
guilt/innocence phase of the trial. Also included in the list of eight offenses was a December 14,
1987, conviction in Dallas County in cause number F-86-70217-HM. This offense was ultimately
used, not as jurisdictional enhancement, but to enhance McNatt's sentence.
            Count II was intended as the sentence enhancement provision. Although Count II appears
to allege two prior felony offenses, 1983 convictions in Dallas County, the State concedes that the
two felonies alleged in Count II constitute only one felony for the purpose of sentence enhancement
because they were not properly sequenced.


 Therefore, under the indictment, with no further
supplementation, the available range of punishment was between two and twenty years'
confinement.



                        ii. March 6: State's Letter Notice as to Additional Sentence Enhancement

            The State filed its notice of intent on March 6, seven days before pretrial and eleven days
before trial. In its notice letter, the State first expressed its intent to use cause number 12,923, a Hunt
County DWI judgment of November 19, 1982—not previously among the offenses listed in either
count of the indictment—in addition to the indictment's sentence enhancement count, to increase the
punishment range from the one-prior-conviction enhancement range of two to twenty years'
confinement to the two-prior-conviction enhancement range of twenty-five to ninety-nine years or
life. On March 24, the day before sentencing, the trial court disallowed use of this 1982 conviction,
concluding that the State's notice of its intent to use such conviction was untimely.


 
                        iii. March 25: State's Motion for Reconsideration and Clarification
            On March 25, the day after the jury returned its guilty verdict and the same day as the
punishment phase of McNatt's trial, the State filed its motion for reconsideration. In its motion, the
State asserted, among other things, that the indictment in this case alleged McNatt's 1987 conviction
in cause F86-70217-HM out of Dallas County, Texas, and asked the trial court to allow use of that
conviction and of the previously-urged conviction in cause number 12,923 out of Hunt County. 
            The trial court maintained its previous position on cause number 12,923, disallowing it for
the purpose of enhancement. But the trial court did allow the State to use "convictions noted in the
indictment" to enhance punishment. The State then proceeded to use cause number F86-70217-HM
to further enhance the range of punishment to twenty-five to ninety-nine years or life. The
conviction in cause number F86-70217-HM was alleged in the indictment, but was in Count I, the
jurisdictional enhancement provision, not in Count II where the State had alleged prior felonies for
purposes of sentence enhancement under Section 12.42(d). McNatt objected to the State's
enhancement of his sentence. 
            b. Notice was Insufficient to Allow Enhancement of McNatt's Sentence with the Second
Conviction
            A defendant is entitled to notice of prior convictions to be used for enhancement. Brooks v.
State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997); Hollins v. State, 571 S.W.2d 873, 876 (Tex. Crim.
App. 1978). Alleging an enhancement in the indictment is not the only reasonable method of
conveying such notice. Brooks, 957 S.W.2d at 32. The State need only plead them somewhere. 
Id.; see also Chimney v. State, 6 S.W.3d 681, 696 (Tex. App.—Waco 1999, pet. ref'd).
            If prior offenses are simply mentioned or noticed for no specified purpose, that fails to give
the necessary notice they will be used for sentence enhancement. Fairrow, 112 S.W.3d at 290–92
("Notice of Extraneous Offenses" notified of intent to introduce prior convictions into evidence at
trial, but made no reference to sentence enhancement).


 
            If notice of intent to use a prior conviction for a purpose other than sentence enhancement
is given and then, later on the eve of trial, notice is given that the same conviction will be used to
enhance the sentence, that notice, too, has been ruled insufficient. Sears v. State, 91 S.W.3d 451,
453 (Tex. App.—Beaumont 2002, no pet.). At issue in Sears were two filings by the State. The
first, filed September 28, 2001, notified Sears of the State's intent to introduce evidence of a 1982
aggravated sexual assault conviction for the purpose of impeachment. The second filing, filed
Friday, October 5, 2001—with trial to begin Monday, October 8—was the State's written notice of
its intent to use the same 1982 conviction to enhance Sears' sentence. Id. On appeal, the Beaumont
court concluded that the second filing was not timely notice and that the first pleading did not
constitute notice of intent to enhance, because it did not inform Sears that he was facing a mandatory
life sentence if convicted. Id. The fact that the State's file contained a penitentiary packet detailing
Sears' prior convictions also failed to provide Sears with proper notice of the State's intent to use the
conviction to enhance his punishment. Id. The Sears court emphasized the required notice's purpose
component mentioned in Brooks: "the theme through all of these cases appears to be that a
defendant is entitled to notice of prior convictions to be used for enhancement." Id. (quoting Brooks,
957 S.W.2d at 33 (emphasis added in Sears)).
            We observe in the caselaw four critical components of a proper notice of intent to use a prior
conviction to enhance a sentence, (1) a writing, Brooks, 957 S.W.2d at 34; Farris v. State, 155 Tex.
Crim. 261, 233 S.W.2d 856, 858 (1950); (2) given in a timely manner, Fairrow, 112 S.W.3d at
294–95 (ten days before trial presumptively reasonable); Hudson v. State, No. 2-03-174-CR, 2004
Tex. App. LEXIS 7515, at *8 (Tex. App.—Fort Worth Aug. 19, 2004, no pet. h.) (notice untimely
if given after conclusion of guilt/innocence phase and six days before punishment; relevant ten-day
period to be measured from start of guilt/innocence phase); (3) describing the prior conviction to be
used, sufficient to enable the defendant to find the records so he or she can properly prepare for trial
on the question of whether he or she is the same person identified in the records of such conviction,
Fairrow, 112 S.W.3d at 294–95; Hollins, 571 S.W.2d at 875; and (4) containing an expression of
intent to use the conviction to enhance the defendant's sentence, Sears, 91 S.W.3d at 453; Brooks,
957 S.W.2d at 33.
            The State's letter notice of March 6, expressing its intent to use the conviction in Hunt
County cause number 12,923, is insufficient to allow use of the conviction in cause number F86-70217-HM to enhance McNatt's punishment. Clearly, the letter does not identify the latter
conviction. Additionally, the trial court ruled the March 6 letter notice was untimely. 
            The State's motion for reconsideration, filed on the day of sentencing, was clearly untimely
and could not serve as proper notice to McNatt that the State intended to pursue an enhanced
punishment with the prior conviction it used. The motion for reconsideration is more significant for
the position it takes with respect to those jurisdictional offenses alleged in the indictment that were
unused at the guilt/innocence stage due to McNatt's stipulation. Since that issue revolves around the
indictment, we look directly at that instrument.
            The offense ultimately used to enhance McNatt's punishment was alleged in the indictment. 
But, it was listed as a jurisdictional enhancement, as one of eight convictions alleged for use to
elevate the present DWI offense to a third-degree felony. The State did not use it for that purpose
since McNatt stipulated to two of the other convictions on that list, for jurisdictional purposes. Had
he not done so and had the State used all eight convictions for jurisdictional purposes, most certainly
the State would be unable to "double-dip" by using any of those for sentence enhancement. See
Wisdom v. State, 708 S.W.2d 840, 845 (Tex. Crim. App. 1986). Therefore, the most glaring issue
becomes whether those "unused" convictions listed in the jurisdictional portion of the indictment can
be later used to enhance punishment, though never (or untimely) noticed for that purpose. We hold
that they cannot.
            Clearly, the indictment does not allege F86-70217-HM as a conviction to be used for
sentence enhancement. So, in effect, the State's argument treats the indictment as a partial notice of
intent, which gave McNatt notice of the conviction the State would later use. Therefore, the State
argues, when coupled with the State's March 6 notice of intent to enhance, the indictment gave
McNatt proper notice the State would seek an enhanced sentence of twenty-five to ninety-nine years
or life using the conviction ultimately used for that purpose. While the indictment would have been
proper in that it was timely, written, and a thorough identification of the convictions referenced, it
never informed McNatt that any conviction listed in Count I would be used for the purpose of
enhancing the possible range of punishment. It provided McNatt with notice only that the State
sought to elevate the offense of DWI to a third-degree felony under Section 49.09(b) using the
convictions listed in Count I. Relying on the principles set out in Sears, we hold that the notice of
intent must articulate the State's intent to use the conviction to enhance the sentence. See Sears, 91
S.W.3d at 454 (State's notice of intent to use conviction for impeachment, and presence of the
conviction in State's file, both insufficient to alert defendant of intent to use it to enhance
punishment).



            From October 2002 until March 6, 2003, eleven days before trial, the State had indicated that
the possible punishment was in the range of two years to twenty years. The State based its plea
offers on this range.


 McNatt's reliance on this punishment range led him to reject a plea offer of
twelve years. Clearly, defense counsel was surprised by the State's enhancement efforts on the day
of sentencing. Counsel referred to facts that the trial court had ruled against allowing an
enhancement the day before and that the State was now trying to use another conviction to
accomplish the same purpose. He also explained to the trial court that, the night before, the defense
understood the range to be from two to twenty years. He then emphasized how "badly surprised"
the defense was and moved for a continuance at the end of the State's case. On these facts, the trial
court erred in allowing the State to enhance the range of punishment through use of the second
conviction. Permitting the State to further enhance punishment by using, on the day of the
punishment trial, a conviction alleged, and not used, solely as a jurisdictional enhancement in the
indictment was improper, denying McNatt due process.
            Since the error here is constitutional, it is reversible unless we determine, beyond a
reasonable doubt, that the error did not contribute to the punishment assessed. See Tex. R. App. P.
44.2(a). Had the State not been allowed to use F86-70217-HM to enhance McNatt's punishment,
McNatt would have faced a maximum sentence of twenty years' confinement. As it happened, the
State was allowed to use the additional prior felony to increase the range of punishment, and the jury
assessed McNatt's punishment at ninety-nine years. Without question, this error contributed to the
punishment imposed.
2. The Trial Court Erred in Charging the Jury on Punishment
            Although, because of the harmful sentence enhancement error discussed above, we reverse
the sentence and remand for a new punishment trial, we also find error in the manner the jury was
charged on punishment. We address that as well.
            McNatt was arraigned and pled not true to "the enhancement portions of the indictment." 
Defense counsel specifically requested that the factual allegations of the prior convictions on which
the State relied be included in the charge, requesting the identification of the offenses and the
explanation of the sequencing, which the jury must consider. The trial court denied the request.             The jury charge refers to allegations in the indictment regarding "prior felony offenses." The
charge goes on to authorize the jury to assess McNatt's punishment at a term of twenty-five to ninety-nine years or life in prison if it found he had two, sequenced, prior felony convictions:
The punishment range for this offense, if you find that the defendant has been
convicted of two prior felony convictions, one having become final before the
commission of the second offense is confinement in the state penitentiary of not less
than twenty-five (25) years nor more than ninety-nine (99) years or life.
You are instructed that if you find beyond a reasonable doubt that this
defendant is the same person who was convicted of another offense listed in the
indictment and that such conviction occurred as alleged, and that the second previous
felony conviction is for an offense that occurred subsequent to the first previous
conviction having become final, then you will find that the allegation is true and so
state in your verdict and you will assess punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for life or for any
terms [sic] of not more than ninety-nine (99) years or less than twenty-five (25) years.

In a handwritten note on the last page of the jury charge, the trial court further instructed the jury to
disregard the conviction the State had attempted to use in its notice of intent:
You are further instructed you may not consider State Exhibit #7, Hunt County Cause
#12,923 as a prior felony conviction for purposes of these instructions.
            When jury charge error is claimed, we are to determine first whether there was error. If we
find error and if, as here, the error was preserved by objection, we then determine whether "some
harm" resulted from the error. Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998); Abdnor
v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); see Tex. Code Crim. Proc. Ann. art.
36.19 (Vernon 1981).
            Error occurs when a jury charge fails to directly apply the law to the facts. Harris v. State,
522 S.W.2d 199, 202 (Tex. Crim. App. 1975). More specifically, when a jury charge fails to set out
the details and sequencing of prior convictions used for sentence enhancement in the application
paragraph of the charge, the charge is improper. Rice v. State, 746 S.W.2d 356, 360 (Tex.
App.—Fort Worth 1988, pet. ref'd);


 Morales v. State, 659 S.W.2d 867, 868 (Tex. App.—El Paso
1983, no pet.). Likewise, it is error to misstate the punishment range within which the jury must
assess punishment for a defendant. Stein v. State, 515 S.W.2d 104, 108 (Tex. Crim. App. 1974).
            Here, the jury was instructed to assess punishment for McNatt within the range of twenty-five
to ninety-nine years or life if it found McNatt had "been convicted of two prior felony convictions,
one having become final before the commission of the second offense," but the charge failed to
specify the prior felony convictions for which McNatt's sentence could be enhanced. The
punishment charge makes only general references to convictions that may be used for enhancement
purposes by simply referring to the indictment: the charge (1) states "the indictment alleges that the
defendant has previously been convicted of prior felony offenses" and (2) asks the jury to determine
whether McNatt was "the same person who was convicted of another offense listed in the
indictment." 
            There are a number of problems with that formulation of the charge. First, it does not
identify and sequence, in the charge, the convictions from which the jury may choose. Second, in
referring to convictions alleged in the indictment, it might very well mislead the jury into finding two
enhancing convictions from the two, nonsequenced, convictions alleged in Count II of the
indictment—which could count as only one enhancement conviction. Third, referring generally to
the indictment would allow the jury to include any of the eight offenses listed in Count I of the
indictment—the jurisdictional portion—without guidance on which of those are felonies, which of
them were used for jurisdictional purposes, and which one was the one the trial court had authorized
for use as an enhancement conviction—the one we have determined was not properly noticed.
            It logically follows from the charge's failure to specify enhancement convictions that the
charge also misstated the available punishment range. Even had the State properly notified McNatt
of its intent to further enhance his punishment beyond the twenty-year maximum punishment
supported by the indictment, this jury charge would have failed to apply the law to the facts since
it referred only generally to the indictment, which, standing alone, contained enhancement
allegations under which, effectively, McNatt could be sentenced only to between two and twenty
years.
            Having determined that the charge to the jury contained error, we would normally be required
to move on to the second step of our analysis. See Mann, 964 S.W.2d at 641; Abdnor, 871 S.W.2d
at 731–32. Here, since McNatt properly preserved error with respect to the complained-of error, we
would be required to determine whether the error caused McNatt some harm. See Almanza, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). But, since we have previously found
harmful error in the failure to give proper notice of the second enhancing conviction—and are,
therefore, reversing and remanding for a new punishment trial—we need not assess harm from this
jury charge error.
3. At a New Punishment Trial, the State is Limited to Enhancing McNatt's Sentence Using the One
Properly-Noticed Prior Conviction
            When we find error at the punishment stage of the trial, we may remand the case to the trial
court for the proper assessment of punishment. See Tex. Code Crim. Proc. Ann. art. 44.29(b)
(Vernon Supp. 2004–2005); Levy v. State, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991). The
question remains whether, on remand, the State will be allowed to give new notice of additional
enhancement convictions or will be limited to enhancing McNatt's sentence using the one alleged
prior conviction set out in the indictment. We hold it is so limited.
            When a court of appeals reverses and remands a case to the trial court without instructions
to render a specific judgment, the effect is to restore the parties to the same situation as that in which
they were before the appeal. Musgrove v. State, 82 S.W.3d 34, 37 (Tex. App.—San Antonio 2002,
pet. ref'd).


 Before the appeal, the enhancement notice to McNatt was insufficient to enhance his
sentence beyond a maximum of twenty years' confinement. On remand, that limitation remains.
Conclusion
            We reverse the trial court's judgment as to punishment and remand the case to the trial court
for a new trial on punishment within the range of two to twenty years' confinement. Because the
other points of error are dispositive, we do not address McNatt's point of error concerning his motion
for continuance.
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 29, 2004
Date Decided:             November 17, 2004

Publish