IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00269-CR

 

Cecil Jackson Hackett,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-428-C

 



Opinion



 








          A jury convicted Cecil Jackson Hackett of stealing $33,000 in cash
through a fraudulent investment scheme. 
Hackett pleaded “true” to allegations of prior convictions enhancing his
punishment to that for an habitual offender, and the jury assessed his
punishment at life imprisonment.

Hackett contends in two issues that: (1) the
State’s notice of its intent to use prior convictions for enhancement purposes
was untimely because it was filed less than a week before trial; and (2) the
court abused its discretion by denying his motion for mistrial after an officer
testified that the victim selected Hackett’s photo from “a series of mug books
with some pictures of known offenders.”

          We
hold that, even though the State failed to give reasonable notice of its intent
to use the prior convictions for enhancement purposes, any error was rendered
harmless because Hackett did not request a continuance.  And because the court’s instruction to
disregard the officer’s statement was sufficient to cure any prejudicial
effect, the court did not abuse its discretion by denying the motion for
mistrial.  Accordingly, we will affirm
the judgment.

The State Must Give At Least Ten
Days’ Notice

Of Its Intent To Use Prior
Convictions

For Enhancement Purposes

 

          Hackett
contends in his first issue that the State’s notice of its intent to use prior
convictions for enhancement purposes did not give him “reasonable notice”
because it was given only five days before trial.

          A
grand jury indicted Hackett for theft of property valued at $20,000 or more,
but less than $100,000—a third degree felony. 
The indictment included no enhancement allegations.  Five days before trial, the State filed a
notice of intent to enhance punishment, alleging eight prior felony convictions
which would enhance Hackett’s punishment from that for a third degree felon to
that for an habitual felon.  Hackett
filed a motion to quash the enhancement notice, contending that he was entitled
to at least ten days’ notice before trial. 
The court denied the motion.

The State must plead in some form any
enhancement allegations which it intends to prove during the punishment phase
of trial.  Brooks v. State, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997); Hudson v.
State, 145 S.W.3d 323, 326 (Tex. App.—Fort Worth 2004, pet. ref’d); Fairrow v. State, 112 S.W.3d 288, 293 (Tex. App.—Dallas 2003, no pet.); Sears v. State, 91 S.W.3d 451, 454 (Tex. App.—Beaumont 2002, no pet.).  To be adequate, a pleaded enhancement
allegation must provide “‘a description of the judgment of former conviction
that will enable [the accused] to find the record and make preparation for a
trial of the question whether he is the convict named therein.’”  Fairrow,
112 S.W.3d at 294 (quoting Sears, 91
S.W.3d at 454-55 (quoting Hollins v.
State, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978))).

Thus, for notice to be adequate, it must be
reasonably timely.  See Hudson, 145 S.W.3d at 326; Fairrow, 112 S.W.3d at 294; Sears,
91 S.W.3d at 454-55.  The Fort Worth, Dallas, and Beaumont courts declined to establish a minimum number
of days’ notice, observing instead that ten days’ notice is presumptively
reasonable.  Id.

An enhancement notice which affects the range of
punishment is a de facto amendment of
the indictment.  Because article 28.10(a)
of the Code of Criminal Procedure requires a minimum of ten days’ notice for an
amendment to an indictment, we hold that a minimum of ten days’ notice is
required when the State files a separate pleading giving notice of enhancement
allegations.  Cf. Tex. Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989).

The State contends that it should be excused
from providing more notice because it gave notice as soon as it discovered the
existence of the prior convictions. 
However, the State cites no authority to support this position.  Rather, the State argues that its lack of
prior knowledge makes the facts of Hackett’s case significantly different from
those presented in Sears, where the
State knew of the defendant’s prior convictions in advance.  See
Sears, 91 S.W.3d at 454.  We conclude
that this distinction is irrelevant.

In Sears,
the Beaumont court flatly rejected the proposition that the
defendant had sufficient notice of the State’s intent to use a prior conviction
for enhancement purposes because the State had given prior notice of its intent
to use that prior conviction for impeachment purposes.  Id.  The
court also rejected the proposition that the defense had adequate notice
because the penitentiary packet for the conviction was in the State’s file,
which defense counsel had reviewed.  Id.  Nevertheless,
the issue is not whether the State had an excuse, but rather, whether the
accused had sufficient notice to prepare for trial.  See Hollins,
571 S.W.2d at 875; Fairrow, 112
S.W.3d at 294; Sears, 91 S.W.3d at
454-55.

The indictment charged Hackett with a third
degree felony.  The enhancement
allegations, if found true, increased the minimum and maximum punishment ranges
significantly beyond the maximum punishment provided for the offense as
originally indicted (i.e., from a
maximum of 10 years to a minimum of 25). 
Thus, we hold that the State did not provide reasonably timely notice of
its intent to use the enhancement allegations. 

          However,
Hackett sought only to quash the enhancement allegations.  He did not seek a continuance.  Thus, any error in the court’s denial of
Hackett’s motion to quash was rendered harmless by Hackett’s failure to request
a continuance.  See Barnes v. State, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994); Rushing v. State, 50 S.W.3d 715, 729
(Tex. App.—Waco 2001), aff’d, 85
S.W.3d 283 (Tex. Crim. App. 2002); cf.
Hudson, 145 S.W.3d at 327 (defense requested postponement when counsel
received mid-trial enhancement notice);
Sears, 91 S.W.3d at 454 (defense requested continuance after trial court
overruled objection to timeliness of enhancement notice).  Accordingly, we overrule Hackett’s first
issue.




The Trial Court’s Instruction
Cured Any

Prejudicial Effect Arising From

The Officer’s Testimony

 

          Hackett
contends in his second issue that the court abused its discretion by overruling
his motion for mistrial after overruling his objection to an officer’s
testimony that the victim had selected Hackett’s photo from “a series of mug
books with some pictures of known offenders.”

          The
officer made this statement when explaining how Hackett came to be identified
as a suspect in the case.  The trial
court sustained Hackett’s objection to the officer’s statement.  A hearing was then held outside the presence
of the jury during which Hackett requested a mistrial because of the indirect
reference to extraneous offenses.  The
court informed the parties that it would instruct the jury to disregard the
statement and would overrule the motion for mistrial.  The State then sought an opportunity to
discuss the matter with its witness, and the court declared a recess.  The trial resumed after a fifteen-minute
recess.  The court instructed the jury to
“disregard the last answer of the witness for any purpose whatsoever,” and the
officer’s direct examination continued.

          A
mistrial is required because of improper evidence only when the evidence is “clearly
prejudicial to the defendant and is of such character as to suggest the
impossibility of withdrawing the impression produced on the minds of the
jurors.”  Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)).  Otherwise, a prompt instruction to disregard
generally cures the prejudicial effect of improper testimony, even that
regarding extraneous offenses.  Ovalle v. State, 13 S.W.3d 774, 783
(Tex. Crim. App. 2000); accord Simpson,
119 S.W.3d at 272.

          The
officer’s characterization of those depicted in the mug books as “known
offenders” suggested that Hackett had committed other crimes in the past.  Thus, it improperly referenced extraneous
conduct.  However, Texas courts have consistently held that the
prejudicial effect of such indirect suggestions can be cured by an instruction
to disregard.  See e.g. Drake v. State, 123 S.W.3d 596, 603-04 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d); Arrick v. State, 107 S.W.3d 710, 721-22
(Tex. App.—Austin 2003, pet. ref’d); Fairley
v. State, 90 S.W.3d 903, 904-05 (Tex. App.—San Antonio 2002, no pet.).

          Nevertheless,
Hackett contends that his case is different because the court did not instruct
the jury to disregard the officer’s statement until fifteen minutes after it
had been made.  We agree that the
promptness of an instruction to disregard is a factor for consideration in
determining the efficacy of the instruction. 
See e.g. Ovalle, 13 S.W.3d at 783-84;
Drake, 123 S.W.3d at 604; Fairley, 90 S.W.3d at 905.  However, it is not necessarily the deciding
factor.

          Here,
the victim never wavered in his identification of Hackett as the person who
stole his money.  Given the strength of
the State’s case and the indirect nature of the reference to extraneous conduct
in the officer’s statement, we hold that the court’s instruction, though
somewhat delayed, was sufficient to cure the prejudicial effect of the
officer’s statement.

          Accordingly,
we overrule Hackett’s second issue.




We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurring)

Affirmed

Opinion delivered and filed February
 9, 2004

Publish

[CRPM]