ACCEPTED
04-15-00358-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/18/2015 7:34:34 PM
KEITH HOTTLE
CLERK

**Court of Appeals Nos. 04-15-00358-CR & 04-15-00359-CR**
**Trial Court Cause Nos. B09-09 & B08-578**

**IN THE FOURTH SUPREME JUDICIAL DISTRICT**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/18/15 7:34:34 PM
KEITH E. HOTTLE
Clerk

**COURT OF APPEALS**

**SAN ANTONIO, TEXAS**

_____

*MARGARET JANE GRIFFITH*

*v.*

*THE STATE OF TEXAS*
_____

**APPEALED FROM THE 198TH JUDICIAL DISTRICT COURT,**
**KERR COUNTY, TEXAS**
**Honorable Rex Emerson, Presiding**

_____

*APPELLANT'S BRIEF*

_____

> **M. Patrick Maguire**
> **State Bar No. 24002515**
> **M. Patrick Maguire, P.C.**
> **mpmlaw@ktc.com**
> **945 Barnett Street**
> **Kerrville, Texas 78028**
> **Telephone (830) 895-2590**
> **Facsimile (830) 895-2594**
>
> *ATTORNEY FOR APPELLANT,*
> *MARGARET JANE GRIFFITH*

## TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL                                    2

INDEX OF AUTHORITIES                                             4

STATEMENT OF THE CASE                                           5

ISSUES PRESENTED                                               6

SUMMARY OF THE ARGUMENTS                                        7

CERTIFICATE OF COMPLIANCE WITH TRAP 9.4                         8

STATEMENT OF FACTS                                             9

ARGUMENTS & AUTHORITIES                                        11

ISSUE 1:    Undersigned counsel files this "Anders" Brief after a thorough review of the appellate record in these cases and no meritorious issues were found to bring forward for review.                                 11

PRAYER FOR RELIEF                                             15

CERTIFICATE OF SERVICE                                         16

**IN THE FOURTH SUPREME JUDICIAL DISTRICT**

**COURT OF APPEALS**

**SAN ANTONIO, TEXAS**

_____

*MARGARET JANE GRIFFITH*

*v.*

*THE STATE OF TEXAS*
_____

*IDENTITY OF PARTIES & COUNSEL*
_____

*Appellant certifies that the following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this appeal:*

| | |
|---|---|
| Appellant: | Margaret Jane Griffith |
| Appellee: | The State of Texas |
| Attorney for Appellant: | M. Patrick Maguire<br>M. Patrick Maguire, P.C.<br>945 Barnett Street<br>Kerrville, Texas 78028 |
| Attorney for Appellee: | Hon. Scott Monroe<br>198th Judicial District Attorney<br>400 Clearwater Paseo, Suite 500<br>Kerrville, Texas 78028 |

Trial Judge:                      Hon. Rex Emerson
                                         198th Judicial District Judge
                                           700 Main Street
                                           Kerrville, Texas 78028

# *INDEX OF AUTHORITIES*

## *CASES*

*Anders v. California*, 386 U.S. 738 (1967)      11

*Brooks v. State*, 957 S.W.2d 30 (Tex. Crim. App. 1997)      13

*Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993)      12

*Kelly v. State*, 436 S.W.3d 212 (Tex. Crim. App. 2014)      11

*McMahon v. State*, 529 S.W.2d 771 (Tex. Crim. App. 1975)      11

*Moses v. State*, 590 S.W.2d 469 (Tex. Crim. App. 1979)      12

*Rickels v. State*, 202 S.W.3d 759 (Tex. Crim. App. 2006)      12

*Sears v. State*, 91 S.W.3d 451
(Tex. App.—Beaumont 2002, no pet.)      14

*Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991)      11

*Villescas v. State*, 189 S.W.3d 290 (Tex. Crim. App. 2006)      14

## *STATUTES*

*Tex. Code Crim. Proc. art. 42.12 §5(b)*      12

## *STATEMENT OF THE CASE*

Appellant, Margaret Jane Griffith, is appealing the trial court's decision to adjudicate Appellant's deferred adjudication probation in the above-referenced causes after Appellant pled "true" to allegations contained in the State's motions to proceed.

## *APPELLANT'S ISSUES PRESENTED FOR REVIEW*

**I.** Undersigned counsel files this "Anders" Brief after a thorough review of the appellate record in these cases and no meritorious issues were found to being forward for review.

**\*\*** For purposes of reference in the Appellant's Brief the following will be the style used in referring to the record:

1. Reference to any portion of the Court Reporter's Statement of Facts will be denoted as "(RR____, ____)," representing volume and page number, respectively.

2. The Transcript containing the District Clerk's recorded documents will be denoted as "(CR___, ___)."

# *SUMMARY OF THE ARGUMENTS*

After a thorough review of both the Clerk's Record and the Reporter's

Record no meritorious issues were found to bring forward for review.

## *<u>CERTIFICATE OF COMPLIANCE</u>*

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, I certify that this brief contains 2,007 words (counting all parts of the document and relying upon the word count feature in the software used to draft this brief). The body text is in 14 point font and the footnote text is in 12 point font.

/s/ M. Patrick Maguire
M. Patrick Maguire,
Attorney for Appellant

## *STATEMENT OF FACTS*

On November 2, 2009, Appellant was placed on ten years deferred adjudication in Cause No. B08-578 for the second degree felony offense of Possession of a Controlled Substance. CR 1, 12. On that same date, Appellant was also placed on ten years deferred adjudication in Cause No. B09-09 for the first degree felony offense of Possession of a Controlled Substance. CR 1, 12. On October 11, 2012, the State filed Motions to Proceed in each of Appellant's cases seeking to adjudicate Appellant guilty of the underlying offenses and sentence Appellant to a term of confinement in the Texas Department of Criminal Justice – Institutional Division. CR 1, 16.

On April 20, 2015, the trial court held a hearing on the State's Motions to Proceed. RR 1, 1. Appellant entered a plea of "true" to all of the allegations contained in the Motions to Proceed. RR 1, 6-7. The State then presented evidence that Appellant was previously convicted of four separate felony offenses prior to committing the offenses that were before the trial court. RR 1, 11-12. The evidence of the prior felony offenses was introduced without objection by Appellant. RR 1, 12. The State then rested.

Appellant testified on her own behalf. RR 1, 13. Appellant also called an acquaintance, Ted Stokely, to testify. RR 1, 22.

The trial court found the allegations contained in the State's Motion to Proceed true, adjudicated Appellant guilty of the underlying offenses and sentenced Appellant to 15 years imprisonment in Cause No. B08-578 and 40 years imprisonment in Cause No. B09-09.  RR 1, 30-32.

## ARGUMENTS & AUTHORITIES

### I.
### *Undersigned counsel files this "Anders" Brief after a thorough review of both the Clerk's Record and the Reporter's Record in these cases and no meritorious issues were found to bring forward for review.*

**A.**      *Standard of Review*

If, after a thorough review of the record and careful investigation, appellate counsel concludes that an appeal is frivolous and without merit, counsel may submit a brief which presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *See Stafford v. State*, 813 S.W.2d 503, 509-10, 510 n.3 (Tex. Crim. App. 1991). Appellate counsel should also inform the appellant that he has a right to file a pro se appellate brief and review the record. *See McMahon v. State*, 529 S.W.2d 771, 771 (Tex. Crim. App. 1975). Finally, appellate counsel must take steps to ensure that the appellant has access to the appellate record to exercise his right to file a pro se brief, if appellant desires. *Kelly v. State*, 436 S.W.3d 212 (Tex. Crim. App. 2014).

**B.**      *Analysis*

Undersigned counsel for Appellant has conducted a thorough review of the clerk's record and reporter's record and has determined that Appellant's appeal is frivolous and without merit.

*Sufficiency of the Evidence*

Undersigned counsel first reviewed the sufficiency of the evidence to support the trial court's judgment adjudicating Appellant's deferred adjudication probation and supporting the sentencing range. An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *Tex. Code Crim. Proc. art 42.12 §5(b).* When reviewing an order revoking community supervision imposed, the sole question before the appellate court is whether the trial court abused its discretion. <u>Rickels v. State</u>, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. <u>Cobb v. State</u>, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). A plea of "true" standing alone is sufficient to support a trial court's revocation order. <u>Moses v. State</u>, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). The record shows that Appellant pled "true" to all allegations contained in the State's Motions to Adjudicate. RR 1, 6-7. Therefore, there is sufficient evidence supporting the trial court's judgment adjudicating Appellant guilty of the underlying offenses.

The next issue reviewed was the appropriateness of the sentences assessed. The State introduced, without objection, judgments of conviction

establishing that Appellant had been convicted at least twice prior to the commission of the underlying offenses before the trial court. RR 1, 11-12. The sentences assessed are within the punishment ranges for the offenses charged and the sequencing of these convictions appears to be in order. Therefore, there does not appear to be error in the trial court's action in this regard.

*Enhancement Notice*

The record does not contain any notice that the State was going to use particular convictions that were used for enhancement purposes. Although the clerk's record reflects that the State filed a notice to use the convictions for extraneous offense purposes, there was nothing filed by the State to indicate that the State was using these convictions for <u>enhancement</u> purposes. Additionally, there were no enhancement paragraphs included in the original indictments or in the original plea paperwork executed by Appellant when she originally entered her guilty pleas. CR 1, 7-15.

Because the issue of enhancement is delayed until punishment, it is not mandatory that enhancement allegations appear in the indictment or information but it is necessary to provide reasonable notice of the State's intent to enhance. <u>*Brooks v. State*</u>, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). In other words, prior convictions used for enhancement must be pled

in some form, it is just not necessary to plead them in the indictment. *Id.* The exact time period for the required notice has not been specified, although at least one court of appeals has suggested that 10 days' notice is appropriate because this time period is considered sufficient in a number of other circumstances. *Sears v. State*, 91 S.W.3d 451, 453-54 (Tex. App.—Beaumont 2002, no pet.).

The "extraneous offense" notice filed by the State does not constitute proper notice of intent to enhance Appellant's punishment using these convictions. *Sears*, 91 S.W.3d at 453-54. An error in this regard is of constitutional dimension. *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). In order to raise this issue on appeal, the issue must be properly preserved by Appellant. *Sears*, 91 S.W.3d at 453. (appellant timely lodged objection to untimely notice); *Villescas*, 189 S.W.3d at 294 (noting U.S. Supreme Court's rejection of due process claims when defendant failed to raise any matters in defense or to obtain a continuance to investigate the existence of any possible defense).

In this case, Appellant's trial counsel did not raise any objections or seek a continuance based upon the lack of notice.[1] Therefore, this issue does not appear to be cognizable on appeal.

---

[1] Because the record is silent as to trial counsel's reasons for not objecting, the record in this appeal is insufficient to develop a claim for ineffective assistance of counsel.

After reviewing the entire record in this case, undersigned counsel has found no meritorious issues to bring forward for review. By copy of this brief, undersigned counsel is advising Appellant that he has the right to review the record and to file a pro se brief. Additionally, Appellant certifies that he has forwarded copies of the clerk's record and reporter's record to Appellant.

After reviewing the entire record in this case, undersigned counsel has found no meritorious issues to bring forward for review. By copy of this brief, undersigned counsel is advising Appellant that he has the right to review the record and to file a pro se brief. Additionally, Appellant certifies that he has forwarded copies of the clerk's record and reporter's record to Appellant.

## ***PRAYER FOR RELIEF***

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Honorable Court permit undersigned counsel to withdraw from further representation of Appellant in this case and permit Appellant the necessary time to review the record and file a pro se brief.

Respectfully submitted,

**M. PATRICK MAGUIRE, P.C.**


 /s/  M. Patrick Maguire
M. Patrick Maguire
State Bar No. 24002515
945 Barnett Street
Kerrville, Texas 78028
Telephone (830) 895-2590
Facsimile (830) 895-2594

**ATTORNEY FOR APPELLANT,
MARGARET JANE GRIFFITH**


## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of Appellant's Brief to counsel for the State, Hon. Scott Monroe, via electronic transmission at scottm@198da.com, and whose address is 400 Clearwater Paseo, Suite 500, Kerrville, on this the 18th day of November, 2015.


 /s/  M. Patrick Maguire
M. Patrick Maguire

16