Daniel Antonio **FAIRLEY, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 04–01–00717–CR.

Court of Appeals of Texas, San Antonio.

Oct. 9, 2002.

George Scharmen, Attorney At Law, San Antonio, for Appellant.

Susan D. Reed, Criminal District Attorney, Alan E. Battaglia, Assistant Criminal District Attorney, Cadena-Reeves Justice Center, for the State.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

Daniel Fairley appeals his conviction of aggravated robbery. Fairley raises two issues on appeal, contending that the trial court erred by: (1) denying his motion for mistrial when a witness for the State testified in violation of Fairley's motion in limine; and (2) denying his motion for new trial alleging juror misconduct. We affirm the trial court's judgment.

## MOTION FOR MISTRIAL

■ Before the commencement of individual voir dire, defense counsel requested an oral motion in limine to prevent the State from referencing a string of restaurant robberies. The trial court granted the motion, instructing the State that it could not call Fairley "the 'restaurant robber,' or put any little tag on him and you cannot suggest that he is some kind of a serial robber in any way." The trial court stated that it did not want anyone suggesting that he was involved with restaurant robberies.

During the second day of trial, Detective Frank Garibay was asked how he became involved in the robbery of the EZ Mart that occurred on December 22, 2000. Detective Garibay responded, "I was assigned to the ROPE unit, a temporary assignment, to help solve these restaurant robberies that had been occurring." Fairley's objection to the testimony was sustained, and the trial court instructed the jury to disregard Detective Garibay's statement. Fairley's motion for mistrial was denied. Outside the presence of the jury, Detective Garibay testified that the State had instructed him not to reference restaurant robbers, but he drew a distinction between restaurant robbers and restaurant robberies, believing he was not restricted in testifying regarding restaurant robberies.

■ The trial court has the discretion to assess an appropriate remedy for a violation of a ruling on a motion in limine. *Brazzell v. State*, 481 S.W.2d 130, 131 (Tex. Crim.App.1972); *Harnett v. State*, 38 S.W.3d 650, 655 (Tex.App.-Austin 2000,

pet. ref'd). The trial court may hold the litigant or attorney in contempt or use other remedies or sanctions. *Brazzell*, 481 S.W.2d at 131; *Harnett*, 38 S.W.3d at 655.

█ A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App.1999). The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. *Id.* A mistrial is only required when the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex.Crim.App.1999). Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex.Crim.App.2000).

The trial court promptly instructed the jury to disregard Detective Garibay's testimony, and the statement was an isolated one. The evidence of guilt in this case was overwhelming. *See Motilla v. State*, 78 S.W.3d 352, 358 (Tex.Crim.App.2002) (holding overwhelming evidence of guilt is a factor to be considered in harm analysis). Numerous detectives testified that they had Fairley under continual surveillance the night of the robbery, including surveillance by car and by helicopter. Fairley was observed going to the EZ Mart that was robbed. A tape from a video camera inside the store was introduced into evidence, showing the robbery. The store clerk testified regarding the robbery. Within minutes of the robbery, the store clerk positively identified Fairley as the robber. Fairley testified that he engaged in the robbery, only disputing whether he displayed the firearm in such a manner as to place the store clerk in fear. Given the

evidence introduced in the case, Detective Garibay's isolated reference to "restaurant robberies" was not sufficiently prejudicial to warrant a mistrial.

## MOTION FOR NEW TRIAL

█ In his second issue, Fairley contends that the trial court erred in denying his motion for new trial alleging jury misconduct. Fairley contends that the jury improperly discussed parole law and received evidence outside the record.

Fairley's motion for new trial was supported by the affidavits of two jurors. Both jurors stated that they were in favor of probation, but were informed during deliberations that the driver had been sentenced to forty years so Fairley deserved a harsher punishment. Both jurors also stated that another juror explained that under the parole laws, Fairley would only be required to serve 12–1/2 years of a 45 year sentence. Finally, one of the jurors stated that another juror had reviewed information on the internet while the case was pending and that another juror stated that the store clerk was on permanent disability for post traumatic stress disorder.

The State responded to the motion for new trial and provided three controverting affidavits. All three jurors stated that the jury did not discuss the operation of parole law. One juror stated that she never heard any information about a juror looking up information on the internet or information regarding the disability of the store clerk. Another juror stated that no outside information was used, and, specifically, there was no discussion regarding any information received from the internet.

█ A trial court's denial of a defendant's motion for new trial is reviewed under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 148 (Tex.

Crim.App.2001). We apply this standard to determine whether the trial court's ruling was arbitrary or unreasonable. *Id.* The trial court is the sole judge of the credibility of the testifying jurors. *Id.* Where there is conflicting evidence on an issue of fact as to jury misconduct, the trial judge determines the issue, and there is no abuse of discretion in overruling the motion for new trial. *Id.*

The evidence on the issue of jury misconduct was conflicting. Therefore, the trial court did not abuse its discretion in overruling the motion for new trial.

### CONCLUSION

The trial court's judgment is affirmed.