**Cecil Jackson HACKETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–03–00269–CR.**

Court of Appeals of Texas,
Waco.

Feb. 9, 2005.

As Corrected March 9, 2005.

John M. Hurley, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## CORRECTED[1] OPINION

FELIPE REYNA, Justice.

A jury convicted Cecil Jackson Hackett of stealing $33,000 in cash through a fraudulent investment scheme. Hackett pleaded "true" to allegations of prior convictions enhancing his punishment to that for an habitual offender, and the jury assessed his punishment at life imprisonment.

Hackett contends in two issues that: (1) the State's notice of its intent to use prior convictions for enhancement purposes was untimely because it was filed less than a week before trial; and (2) the court abused its discretion by denying his motion for mistrial after an officer testified that the victim selected Hackett's photo from "a series of mug books with some pictures of known offenders."

We hold that, even though the State failed to give reasonable notice of its intent to use the prior convictions for enhancement purposes, any error was rendered harmless because Hackett did not request a continuance. And because the court's instruction to disregard the officer's statement was sufficient to cure any prejudicial effect, the court did not abuse its discretion by denying the motion for mistrial. Accordingly, we will affirm the judgment.

**The State Must Give At Least Ten Days' Notice Of Its Intent To Use Prior Convictions For Enhancement Purposes**

■ Hackett contends in his first issue that the State's notice of its intent to use

prior convictions for enhancement purposes did not give him "reasonable notice" because it was given only five days before trial.

A grand jury indicted Hackett for theft of property valued at $20,000 or more, but less than $100,000—a third degree felony. The indictment included no enhancement allegations. Five days before trial, the State filed a notice of intent to enhance punishment, alleging eight prior felony convictions which would enhance Hackett's punishment from that for a third degree felon to that for an habitual felon. Hackett filed a motion to quash the enhancement notice, contending that he was entitled to at least ten days' notice before trial. The court denied the motion.

■ The State must plead in some form any enhancement allegations which it intends to prove during the punishment phase of trial. *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex.Crim.App.1997); *Hudson v. State*, 145 S.W.3d 323, 326 (Tex.App.-Fort Worth 2004, pet. ref'd); *Fairrow v. State*, 112 S.W.3d 288, 293 (Tex.App.-Dallas 2003, no pet.); *Sears v. State*, 91 S.W.3d 451, 454 (Tex.App.-Beaumont 2002, no pet.). To be adequate, a pleaded enhancement allegation must provide " 'a description of the judgment of former conviction that will enable [the accused] to find the record and make preparation for a trial of the question whether he is the convict named therein.' " *Fairrow*, 112 S.W.3d at 294 (quoting *Sears*, 91 S.W.3d at 454–55 (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex.Crim.App.1978))).

■ Thus, for notice to be adequate, it must be reasonably timely. *See Hudson*,

1. The Court issued its original opinion affirming Hackett's conviction on February 9, 2005. However, the opinion was dated February 9, 2004. This corrected opinion is being issued to correct the clerical error in the prior opinion. *See* Tex. R. App. P. 19.3(a).

145 S.W.3d at 326; *Fairrow*, 112 S.W.3d at 294; *Sears*, 91 S.W.3d at 454–55. The Fort Worth, Dallas, and Beaumont courts declined to establish a minimum number of days' notice, observing instead that ten days' notice is presumptively reasonable. *Id.*

■ An enhancement notice which affects the range of punishment is a *de facto* amendment of the indictment. Because article 28.10(a) of the Code of Criminal Procedure requires a minimum of ten days' notice for an amendment to an indictment, we hold that a minimum of ten days' notice is required when the State files a separate pleading giving notice of enhancement allegations. *Cf.* Tex.Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989).

The State contends that it should be excused from providing more notice because it gave notice as soon as it discovered the existence of the prior convictions. However, the State cites no authority to support this position. Rather, the State argues that its lack of prior knowledge makes the facts of Hackett's case significantly different from those presented in *Sears*, where the State knew of the defendant's prior convictions in advance. *See Sears*, 91 S.W.3d at 454. We conclude that this distinction is irrelevant.

■ In *Sears*, the Beaumont court flatly rejected the proposition that the defendant had sufficient notice of the State's intent to use a prior conviction for enhancement purposes because the State had given prior notice of its intent to use that prior conviction for impeachment purposes. *Id.* The court also rejected the proposition that the defense had adequate notice because the penitentiary packet for the conviction was in the State's file, which defense counsel had reviewed. *Id.* Nevertheless, the issue is not whether the State had an excuse, but rather, whether the accused had

sufficient notice to prepare for trial. *See Hollins*, 571 S.W.2d at 875; *Fairrow*, 112 S.W.3d at 294; *Sears*, 91 S.W.3d at 454–55.

The indictment charged Hackett with a third degree felony. The enhancement allegations, if found true, increased the minimum and maximum punishment ranges significantly beyond the maximum punishment provided for the offense as originally indicted (*i.e.*, from a maximum of 10 years to a minimum of 25). Thus, we hold that the State did not provide reasonably timely notice of its intent to use the enhancement allegations.

■ However, Hackett sought only to quash the enhancement allegations. He did not seek a continuance. Thus, any error in the court's denial of Hackett's motion to quash was rendered harmless by Hackett's failure to request a continuance. *See Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim.App.1994); *Rushing v. State*, 50 S.W.3d 715, 729 (Tex.App.-Waco 2001), *aff'd*, 85 S.W.3d 283 (Tex.Crim.App.2002); *cf. Hudson*, 145 S.W.3d at 327 (defense requested postponement when counsel received mid-trial enhancement notice); *Sears*, 91 S.W.3d at 454 (defense requested continuance after trial court overruled objection to timeliness of enhancement notice). Accordingly, we overrule Hackett's first issue.

### The Trial Court's Instruction Cured Any Prejudicial Effect Arising From The Officer's Testimony

Hackett contends in his second issue that the court abused its discretion by overruling his motion for mistrial after overruling his objection to an officer's testimony that the victim had selected Hackett's photo from "a series of mug books with some pictures of known offenders."

The officer made this statement when explaining how Hackett came to be identi-

fied as a suspect in the case. The trial court sustained Hackett's objection to the officer's statement. A hearing was then held outside the presence of the jury during which Hackett requested a mistrial because of the indirect reference to extraneous offenses. The court informed the parties that it would instruct the jury to disregard the statement and would overrule the motion for mistrial. The State then sought an opportunity to discuss the matter with its witness, and the court declared a recess. The trial resumed after a fifteen-minute recess. The court instructed the jury to "disregard the last answer of the witness for any purpose whatsoever," and the officer's direct examination continued.

■ A mistrial is required because of improper evidence only when the evidence is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Simpson v. State*, 119 S.W.3d 262, 272 (Tex.Crim.App.2003) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000)). Otherwise, a prompt instruction to disregard generally cures the prejudicial effect of improper testimony, even that regarding extraneous offenses. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex.Crim.App. 2000); *accord Simpson*, 119 S.W.3d at 272.

■ The officer's characterization of those depicted in the mug books as "known offenders" suggested that Hackett had committed other crimes in the past. Thus, it improperly referenced extraneous conduct. However, Texas courts have consistently held that the prejudicial effect of such indirect suggestions can be cured by an instruction to disregard. *See e.g. Drake v. State*, 123 S.W.3d 596, 603–04 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd); *Arrick v. State*, 107 S.W.3d 710, 721–22 (Tex.App.-Austin 2003, pet. ref'd);

*Fairley v. State*, 90 S.W.3d 903, 904–05 (Tex.App.-San Antonio 2002, no pet.).

■ Nevertheless, Hackett contends that his case is different because the court did not instruct the jury to disregard the officer's statement until fifteen minutes after it had been made. We agree that the promptness of an instruction to disregard is a factor for consideration in determining the efficacy of the instruction. *See e.g. Ovalle*, 13 S.W.3d at 783–84; *Drake*, 123 S.W.3d at 604; *Fairley*, 90 S.W.3d at 905. However, it is not necessarily the deciding factor.

■ Here, the victim never wavered in his identification of Hackett as the person who stole his money. Given the strength of the State's case and the indirect nature of the reference to extraneous conduct in the officer's statement, we hold that the court's instruction, though somewhat delayed, was sufficient to cure the prejudicial effect of the officer's statement.

Accordingly, we overrule Hackett's second issue.

We affirm the judgment.

Chief Justice GRAY concurring in a separate opinion delivered and filed February 9, 2005.

TOM GRAY, Chief Justice, concurring.

Legislating from the bench. You will hear almost every judicial candidate say that is not the role of the judiciary and that, if elected, they will not do it. I would be hard pressed to find a better example of legislating from the bench than what the Court does in this case. The Court properly states the test which comes from prior interpretation of the statute. Then the Court simply ignores the statute as written, jettisons the interpreted test, and states what will be required.

When the statute, as written by the legislature, only requires "reasonable notice," we do not have the right to judicially add "but in no event, less than ten days." That truly is rewriting the statute. But I digress. The analysis is wrong. The result is right. I concur only in the result.

The Court errs in the following particulars, some of which are compound errors because they are based upon other errors:

1. Holding that the State *must* give no less than 10 days notice.

2. Holding that the State's notice is a "*defacto* amendment of the indictment."

3. Assuming, arguendo, that it is a *de facto* amendment, the Court errs in not reviewing the "amendment" to the indictment under the law applicable to amending the indictment.

4. By requiring Hackett to file a motion for continuance to "show harm."

### DeFacto Indictment/Ten Days' Notice (Errors 1, 2, and 3)

The Court holds that when the State files a separate pleading giving notice of enhancement allegations, it must be filed a minimum of ten days before the trial date. That is because the Court holds, without citing any authority, that a sentence enhancement notice is a *de facto* amendment of the indictment and "the Code of Criminal Procedure requires a minimum of ten days' notice for an amendment to an indictment."

#### "But in no event less than ten days"

While 10 days notice has been held to be presumptively reasonable, the Court offers no explanation as to why anything less is *un*reasonable as a matter of law.

The Court's reliance on the Code of Criminal Procedure is entirely misplaced. The Code does **not** require a minimum of ten days' notice to amend an indictment. It provides:

> After notice to the defendant, a matter of form or substance in an indictment or information may be amended *at any time* before the date of trial on the merits commences. *On the request of the defendant,* the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

Tex.Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989) (emphasis added). This provision places the burden on the defendant to ask for a continuance before any time requirement kicks in following an *amendment* to an indictment or information.

#### "*De facto amendment*"

And who, besides two justices on this Court, thinks this is an amendment? Hackett didn't say it was an amendment. He did not ask us to consider it as an amendment. He did not even argue in the Motion to Quash or in his oral argument in support thereof, contrary to what the Court says, that notice of a sentence enhancement needs to be no less than 10 days. He contended that the notice filed by the State was unreasonably late and argued that he was entitled to reasonable notice. The State certainly did not argue it was an amendment. Just because the Court is not reversing this case on unargued error, does not mean we can still raise an issue and give an advisory opinion about something no one ever raised at trial or here. *See Hailey v. State,* 87 S.W.3d 118 (Tex.Crim.App.2002) ("ordinary notions of procedural default" are violated when a Court of Appeals reverses a trial court's decision on a legal theory not presented to the trial court by the complaining party); *Armstrong v. State,* 805 S.W.2d 791, 794 (Tex.Crim.App.1991) (the

courts are without authority to render advisory opinions); *Garrett v. State*, 749 S.W.2d 784, 803 (Tex.Crim.App.1988) (judicial power does not include the power to issue advisory opinions).

*"REVIEW AS AN AMENDMENT"*

But if this is an amendment, then why does the Court not analyze the issue as an amendment issue and use the related harm analysis for untimely amendments? Aside from the fact that an amendment has to be an alteration to the indictment, which we do not have, typically, an amendment cannot be made to the indictment over the objection of the defendant after the trial has started. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex.Crim.App.1997); *Sodipo v. State*, 815 S.W.2d 551, 556 (Tex.Crim.App. 1990); *see* Tex.Code Crim. Proc. Ann. art. 28.10(b) (Vernon 1989). However, an amendment can be made at anytime before trial. *Id.* at art. 28.10(a). If this was really an amendment, and I'm not saying it was, it was made before trial, and Hackett could have asked for a ten day period to respond to the "amendment."

But he didn't.

### Harm Analysis/Preservation (Error 4)

And because Hackett didn't request a continuance, the Court is holding that he wasn't harmed by the trial court's "error."

Is this part of the harm analysis for amending indictments or for timeliness of notice of enhancement allegations? Harm for an improper amendment to an indictment is analyzed under Rule 44.2(b) because that type of error is non-constitutional. *Westfall v. State*, 970 S.W.2d 590, 596 (Tex.App.-Waco 1998, pet. ref'd). I have found no case that determines an amendment error was harmless because the defendant did not request a continuance. Then is the Court's analysis part of the harm analysis for an untimely notice of enhancement allegations? This type of er-

ror has been deemed constitutional. *Sears v. State*, 91 S.W.3d 451, 455 (Tex.App.-Beaumont 2002, no pet.); *contra Fairrow v. State*, 112 S.W.3d 288, 295 (Tex.App.-Dallas 2003, no pet.). The few cases that have discussed harm here have not taken into consideration at all whether or not a continuance was requested.

So where does this come from? The cases relied upon by the Court are cases in which witnesses were called that were not on the witness list supplied to the defendant. The Court fails to explain how these cases are analogous to the *defacto* amendment analysis.

And by requiring a motion for continuance, is the Court really saying that a request for a continuance is a preservation requirement? Are they actually holding that to preserve a complaint about unreasonable notice for appellate review the complaint must be brought to the trial court's attention by a timely request, motion, or objection that the trial court rules on or refuses to rule on? Tex.R.App. P. 33.1. But Hackett had already obtained an adverse ruling on his motion to quash. Need there be more? Or is this more of a presentment requirement and because the request for continuance was not made, we have nothing to review? No error, no harm.

An argument can be made for either analysis. For example, in cases where defendants have been denied a challenge for cause, the request for more peremptory strikes has been characterized as a part of a preservation requirement and as a part of a harm analysis. If used as a preservation requirement, there is no need to proceed further through an error analysis if any requirement is missing. *See Mathis v. State*, 67 S.W.3d 918, 922 (Tex. Crim.App.2002). If used in a harm analysis, the reviewing court has already deter-

mined the denial of the challenge for cause was improper, and such denial has the harmful effect of wrongfully depriving a defendant of a peremptory challenge, as long as he requests and is denied additional peremptory challenges. *See Escamilla v. State,* 143 S.W.3d 814, 821 (Tex.Crim. App.2004).

Which is it here?

If a continuance is required, is it that there is no error, *i.e.,* it is not unreasonable because the defendant obviously did not need any more time, or is it that the defendant was not harmed—yes the notice was not reasonable, but the defendant cannot opt for having the enhancement allegations dropped, and because he chose the wrong option, he did not say the magic words regarding a continuance, he loses.

### CONCLUSION ON THEIR ANALYSIS

I cannot join the Court's opinion without knowing what's driving the decision and what's in the opinion is not helping me make that analysis.

### A PROPER ANALYSIS

With that said, the following is a proper analysis of this appeal.

Cecil Jackson Hackett was convicted of theft over $20,000. Hackett pled true to two prior felony convictions and the jury assessed punishment at life in prison. We affirm the judgment of the trial court.

In his first issue, Hackett contends that the State's notice of its intent to enhance the punishment was untimely. The State filed its notice on July 30, 2003, the Wednesday prior to the Monday trial, alleging eight prior convictions. On July 31, 2003, the State filed an amended notice, correcting a typographical error in the seventh listed conviction. Hackett filed a motion to quash which was heard and denied on Monday, the day of trial.

Defendants are entitled to notice of prior convictions to be used for punishment enhancement. *Brooks v. State,* 957 S.W.2d 30, 33 (Tex.Crim.App.1997). Ten days' notice is presumptively timely. *See Fairrow v. State,* 112 S.W.3d 288, 294 (Tex.App.-Dallas 2003, no pet.); *Sears v. State,* 91 S.W.3d 451, 455 (Tex.App.-Beaumont 2002, no pet.). Seven days' notice has been held to be "ample." *Castilla v. State,* No. 05–01–01776–CR, 2002 WL 31261741, *4 (Tex. App.-Dallas Oct. 10, 2002, no pet.) (not designated for publication).

The question we must decide is whether notice given five days before trial is timely. Hackett cites one case to support his claim that the State's notice is untimely. *See Sears v. State,* 91 S.W.3d 451 (Tex.App.-Beaumont 2002, no pet.). In *Sears,* the Beaumont Court determined that notice given on the Friday before a Monday trial was untimely, especially in light of the fact that the State had listed the same conviction in a notice of its intent to introduce the conviction under Texas Rule of Evidence 609 some seven days earlier. *Id.* at 453–455. Following the lead in *Sears,* the Dallas Court, in *Fairrow,* held that oral notice by the trial court on the day of trial, if proper, was untimely where the State had filed a notice of extraneous offenses three days prior to trial. *Fairrow,* 112 S.W.3d at 294–295.

In both of these cases, the State knew of the convictions several days before notice was actually given of its intent or ability to enhance the defendants' punishments. In Hackett's case, on the 30th of July, the State inadvertently discovered recent convictions that it could use to enhance Hackett's punishment. The State knew of two very old convictions under one TDCJ number for Hackett. And while trying to obtain the pen packets for those convictions, on the afternoon of the 30th, the State discovered a number of more recent con-

victions under another TDCJ number for Hackett. The State immediately, on that day, gave notice of its intent to enhance Hackett's punishment with the additional allegations it had discovered.

The State gave notice of the convictions to be used as enhancements as soon as those convictions were discovered. Hackett, as the defendant, was well aware of the convictions. The issue is whether the State gave reasonable notice of its intent to use these convictions as punishment enhancements. Under these circumstances, we conclude that five days' notice is reasonable. Hackett's first issue is overruled.

But because the Court commits several errors in reaching the proper result, I concur only in affirming the trial court's judgment.