NO. 07-05-0091-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 10, 2006


______________________________



BRUCE D. CARRINGTON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-402,456; HON. BRAD UNDERWOOD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Through one point of error, Bruce D. Carrington (appellant) contends that his
conviction for aggravated robbery should be reversed and remanded for a new punishment
hearing. This is required due to the purported failure of the State to provide adequate
pretrial notice of its intent to use a prior felony conviction to enhance punishment. 
According to the record, written notice was given appellant on the Friday preceding
commencement of trial on Monday. Yet, trial did not actually begin until Wednesday. 
Nevertheless, when the State attempted to broach the matter at trial and appellant objected
to its use, the trial court asked if appellant desired a continuance. He said that he did not
because he knew of it; instead, he requested that the State simply be prevented from
utilizing the conviction to enhance punishment. Given these circumstances, any purported
error in the State notifying appellant at the time it did was harmless. Hackett v. State, 160
S.W.3d 588, 591 (Tex. App.-Waco 2005, pet. ref'd) (the error was rendered harmless when
appellant failed to seek a continuance). Accordingly, we overrule the point and affirm the
judgment of the trial court.


 Brian Quinn 

 Chief Justice


Do not publish. 


Jackson v.
State, 105 S.W.3d at 328, we must conclude that the matter was not in dispute.

 Nor does the record affirmatively illustrate that venue was not established. For
instance, appellant herself introduced testimony indicating that she resided in Hart, Texas,
and the incident occurred in her home. We judicially notice that Hart, Texas, lies within the
boundaries of Castro County, the county specified in the indictment as the locale of the
crime. See Tex. R. Evid. 201(b) (permitting a court to take judicial notice of facts capable
of accurate and ready determination by resort to sources whose accuracy cannot
reasonably be questioned); 1.70 Acres v. State, 935 S.W.2d 480, 489 (Tex. App.
-Beaumont 1996, no writ) (stating that a court may take judicial notice of the location of
cities, counties, and boundaries because geographical facts such as these are easily
ascertainable and capable of verifiable certainty). Similarly, an officer testified that the
"event" happened in Castro County. The State also produced evidence that the first doctor
to examine the child victim provided services to the local hospital which was in the Castro
County Hospital District. Furthermore, the Hart, Texas, Police Department conducted the
investigation. Finally, documentation appearing of record indicated that appellant and her
daughter (i.e. the victim) maintained a post office box in Hart, Texas. Though appellant
may contend that the foregoing litany of evidence does not prove that the crime occurred
in Castro County, it nonetheless prevents us from concluding that the record affirmatively
illustrates that venue in Castro County was not established.

 In sum, neither element mentioned in Rule 44.2(c)(1) was satisfied. So, we must
presume that venue was established in the trial court, overrule appellant's issue, and affirm
the trial court's judgment.


 Brian Quinn 

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).