NO. 07-05-0091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 10, 2006

______________________________

BRUCE D. CARRINGTON, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402,456; HON. BRAD UNDERWOOD, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Through one point of error, Bruce D. Carrington (appellant) contends that his conviction for aggravated robbery should be reversed and remanded for a new punishment hearing.  This is required due to the purported failure of the State to provide adequate pretrial notice of its intent to use a prior felony conviction to enhance punishment.  According to the record, written notice was given appellant on the Friday preceding commencement of trial on Monday.  Yet, trial did not actually begin until Wednesday.  Nevertheless, when the State attempted to broach the matter at trial and appellant objected to its use, the trial court asked if appellant desired a continuance.  He said that he did not because he knew of it; instead, he requested that the State simply be prevented from utilizing the conviction to enhance punishment.  Given these circumstances, any purported error in the State notifying appellant at the time it did was harmless.  
Hackett v. State, 
160 S.W.3d 588, 591 (Tex. App.–Waco 2005, pet. ref’d) (the error was rendered harmless when appellant failed to seek a continuance).  Accordingly, we overrule the point and affirm the judgment of the trial court.

Brian Quinn 

          Chief Justice

Do not publish. been filed by relator.  Further, even if the motion has been filed with  the trial court and denied, a direct appeal is an adequate remedy and, thus, mandamus relief is not proper.  
In Re Union Pac. Res. Co.
, 969 S.W.2d 427, 427 (Tex. 1998).  Accordingly, this part of relator’s request is denied.

Having reviewed and rejected both of relators requests, we deny relator’s petition for writ of mandamus.

Mackey K. Hancock

Justice