In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00342-CR
____________

JOTIS DEWALT ALSOBROOKS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court 
Harris County, Texas
Trial Court Cause No. 973185



MEMORANDUM OPINION 
          A jury found appellant, Jotis Dewalt Alsobrooks, guilty of aggravated
robbery, and the trial court assessed his punishment at confinement for 16 years in
the Texas Department of Criminal Justice, Institutional Division. See Tex. Pen.
Code Ann. § 29.03(a)(2) (Vernon 2003). In two points of error, appellant argues
that (1) he received ineffective assistance of counsel due to trial counsel’s failure to
assert a hearsay objection and (2) the trial court erred by denying his request for a
mistrial based on the State’s introduction of prejudicial information. 
          We affirm.Background
          The complainant, Rachel Ehrhardt, worked as a clerk at the toy store, Kapok
Tree Toys. At about 5:00 p.m. on October 9, 2003, Ehrhardt was restocking one of
the walls in the store when the bell on the door rang, signaling that someone had
entered the store. Ehrhardt turned her head and saw appellant at the door.
Appellant said, “This is a holdup” and pulled out a handgun. Ehrhardt stared at
appellant in shock and remained motionless as appellant ordered her to “show me
the money.” Appellant pressed the handgun behind Ehrhardt’s back and directed
her to the cash registers. After Ehrhardt opened both cash registers, appellant
forcefully pushed her to the ground. Appellant stole money from both registers.
Ehrhardt testified that appellant told her that she should be glad she was not being
raped. Ehrhardt stayed down for a few seconds after appellant left and then called
911. Ehrhardt’s purse was discovered to be missing, which contained her cell
phone, wallet, and money. Officer Alberto Garcia testified that, through
Ehrhardt’s cell phone bill, they were able to trace several phone calls made after
the robbery to Cheryl Eastland Porchia, appellant’s sister. 
 
Analysis
          Effective Assistance of Counsel
          In his first point of error, appellant argues that he was denied effective
assistance of counsel due to the failure of defense counsel to object to the State’s
introduction of inadmissable hearsay. Specifically, appellant argues that his
defense counsel failed to object to the admission of Ehrhardt’s cell phone bill as
inadmissable hearsay.
          Both the United States and Texas Constitutions guarantee an accused the
right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10;
see Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977). This right includes the
right to reasonably effective assistance of counsel. Strickland v. Washington, 466
U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984); Ex parte Gonzales, 945 S.W.2d 830,
835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel, an
appellant must show that (1) trial counsel’s representation fell below an objective
standard of reasonableness, based on prevailing professional norms and (2) the
result of the proceeding would have been different but for trial counsel’s deficient
performance. Strickland, 466 U.S. at 688–92, 104 S. Ct. at 2064–67; see also
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). An appellant has
the burden of proving his claim by a preponderance of the evidence. Jackson v.
State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). We apply a strong
presumption that trial counsel was competent. Thompson, 9 S.W.3d at 813. We
presume that counsel’s actions and decisions were reasonably professional and
motivated by sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994).
          Appellant did not file a motion for new trial. Thus, the record is silent as to
why appellant’s defense counsel did not object to the State’s introduction of
Ehrhardt’s cell phone bill into evidence. During the testimony of Officer Garcia,
defense counsel objected only to handwritten notes on the cell phone bill, and not
to the cell phone bill itself. Without evidence as to defense counsel’s reasons, “the
record on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel.” Thompson, 9 S.W.3d at 813–14. 
          Therefore, appellant has not shown that defense counsel’s decision to not
object to the cell phone bill fell below an objective standard of reasonableness. See
Strickland, 466 U.S. at 688–92, 104 S. Ct. at 2064–67. An appellant’s failure to
satisfy one prong of the Strickland test negates a court’s need to consider the other
prong. Id. at 697, 104 S. Ct. at 2069. Appellant has not demonstrated, through the
totality of the representation, that his trial counsel’s actions amounted to
ineffective assistance of counsel. 
          We overrule appellant’s first point of error.
 
          Request for Mistrial
          In his second point of error, appellant argues that the trial court erred in
failing to grant his request for a mistrial based on the State’s introduction of
prejudicial information. Specifically, Officer Garcia referred to identification of
appellant in a “mug shot,” which indicated to the jury that appellant had a prior
criminal record.
          “An appellate court reviews a trial court’s decision to deny a mistrial under
an abuse of discretion standard.” Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim.
App. 1999) (citing State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 
1993)). “The decision to deny a motion for mistrial is within the discretion of the
trial court.” Edwards v. State, 106 S.W.3d 833, 838 (Tex. App.—Dallas 2003, pet.
ref’d) (citing Rousseau v. State, 855 S.W.2d 666, 684 (Tex. Crim. App. 1993)).
          Mistrials have been emphasized to be an extreme remedy for prejudicial
events occurring during the trial process. Bauder v. State, 921 S.W.2d 696, 698
(Tex. Crim. App. 1996). “Even when a prosecutor intentionally elicits testimony
or produces other evidence before the jury which is excludable at the defendant’s
option, our law prefers that the trial continue.” Id. Examination of the particular
facts of the case is needed to determine if an error necessitates a mistrial. 
Hernandez v. State, 805 S.W.2d 409, 413–14 (Tex. Crim. App. 1990). A mistrial
is only required when the impropriety is clearly calculated to inflame the minds of
the jury and is of such a character as to suggest the impossibility of withdrawing
the impression produced on the minds of the jury. Hinojosa v. State, 4 S.W.3d
240, 253 (Tex. Crim. App. 1999).
          Appellant objects to the following exchange between the State and Officer
Garcia:
                    [State]:        Did you come up with the name of an additional
suspect based on that investigation?
 
                    [Garcia]:      Yes.
                    [State]:        And what was that individual’s name?
                    [Garcia]:      It’s [appellant].
                    [State]:        Were you able to find a photograph of [appellant]?
                    [Garcia]:      Yes, sir.
                    [State]:        Was there something noticeable, in particular,
about that photograph you found?
 
                    [Garcia]:      Yes, sir, the mug shot. The individual had his eyes
closed.
                    ***
                    [Defense Counsel]:          Your honor, I’m going to object and
ask for a mistrial based on the fact
that he has mentioned mug shot,
letting the jury know that the
defendant has a possible criminal
history.
 
                    [Court]:       It will be overruled, but stay away from that.
          Appellant argues that Officer Garcia’s use of “mug shot” in his testimony
alerted the jury that appellant had a past criminal history. The State argues that, by
failing to request an instruction to disregard, appellant has not preserved his
complaint. We agree.
          An appellant need not request a curative instruction, such as an instruction to
disregard, to preserve error. See Young v. State, 137 S.W.3d 65, 70 (Tex. Crim.
App. 2004). However, an appellant who requests a mistrial without first requesting
a curative instruction forfeits appellate review of that class of events that could
have been cured by such an instruction. Id. Therefore, we must determine whether
the “error [was] so prejudicial that expenditure of further time and expense would
[have been] wasteful and futile.” Ladd, 3 S.W.3d at 567. An improper question
rarely necessitates a mistrial because any harm can be cured by an instruction to
disregard. See id. 
          The mention of “mug shot” was said only one time and not given any
significance, and, after the trial court overruled the request for mistrial, the court
told the State to “stay away from that”; thus the term was not mentioned again.
References to extraneous bad acts during the guilt-innocence stage of trial have
been held to be cured by an instruction to disregard. See Drake v. State, 123
S.W.3d 596, 603–04 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (reference
to extraneous bad acts harmless because trial court instructed jury to disregard);
Hackett v. State, 160 S.W.3d 588, 590 (Tex. App.—Waco 2005, pet. ref’d)
(reference to mug shot cured by instruction to disregard). Because an instruction
to disregard Officer Garcia’s testimony would have cured the prejudicial effect, if
any, of his answer, the trial court did not err in denying appellant’s motion for
mistrial. See Young, 137 S.W.3d at 72.
          We overrule appellant’s second point of error.
                                                   Conclusion
We affirm the judgment of the trial court.
 



                                                                        Evelyn V. Keyes
                                                                        Justice


Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).