

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00595-CR

DANA LANETTE BROCK A/K/A                  APPELLANT
DANA LANETTE HOGAN A/K/A
DANA LANETTE BROCK
DUNAWAY

V.

THE STATE OF TEXAS                                         STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR13-0371

----------

## MEMORANDUM OPINION[1]

----------

Appellant Dana Lanette Brock a/k/a Dana Lanette Hogan a/k/a Dana Lanette Brock Dunaway appeals her conviction for burglary of a habitation.[2] In

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 30.02(a), (c)(2) (West 2011).

her sole point, she argues that the trial court erred by denying her motion for mistrial following an unresponsive and unsolicited answer from a witness regarding appellant's criminal history. We affirm.

## Background Facts

A grand jury indicted appellant for burglary of a habitation. At a jury trial, she pled not guilty. In the middle of the trial, she sought a mistrial because one of the State's witnesses provided an unresponsive and unsolicited answer during his redirect examination. Appellant requested a mistrial on the ground that the testimony violated the trial court's ruling on her motion in limine, which prohibited the introduction of evidence related to extraneous offenses without first approaching the court. The trial court denied appellant's motion and instructed the jury to disregard the witness's statement. The jury found appellant guilty[3] and assessed her punishment at seventy years' confinement.[4] The trial court sentenced appellant in accordance with the jury's verdict, and this appeal followed.

---

[3]Surveillance video showed appellant near the victim's home at the time of the burglary, and a police officer found stolen items—a power washer and a weed eater—at a home where appellant had been sleeping. Appellant admitted taking the items but presented the defense at trial that a man had forced her to commit the burglary.

[4]Prior felony convictions enhanced appellant's sentence.

## No Abuse of Discretion

In her sole point, appellant argues that the trial court abused its discretion by denying her motion for mistrial following the testimony by the State's witness regarding extraneous offenses. We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 340 S.W.3d 734, 738–39 (Tex. Crim. App. 2011); *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000). Thus, we must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Marchbanks v. State*, 341 S.W.3d 559, 561 (Tex. App.—Fort Worth 2011, no pet.). A mistrial is necessary in extreme circumstances when the prejudice caused by an improper question and answer is incurable. *Ladd*, 3 S.W.3d at 567; *see Whitney v. State*, 396 S.W.3d 696, 703–04 (Tex. App.—Fort Worth 2013, pet. ref'd) (mem. op.) (stating that a mistrial is appropriate when an error is so prejudicial that expenditure of further time would be futile).

An instruction to disregard testimony regarding extraneous offenses is sufficient to cure an alleged harm "unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Drake v. State*, 123 S.W.3d 596, 604 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (quoting *Kemp v. State,* 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), *cert. denied*, 508 U.S. 918 (1993)); *see Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) ("Ordinarily, a prompt instruction to disregard will

cure error associated with an improper question and answer, even one regarding extraneous offenses."). We will generally presume that a jury has followed an instruction to disregard testimony that should not have been presented. *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App.), *cert. denied*, 484 U.S. 905 (1987); *see also Kemp*, 846 S.W.2d at 308 (holding that a State's witness's reference to the defendant's prior incarceration was rendered harmless by a curative instruction); *Barney v. State*, 698 S.W.2d 114, 124–25 (Tex. Crim. App. 1985) (holding that a witness's answer that a victim did not like the defendant because "he was an ex-con," which violated the defendant's motion in limine, was improper but was cured by a jury instruction); *Hudson v. State*, No. 02-04-00030-CR, 2005 WL 1244663, at *3–4 (Tex. App.—Fort Worth May 26, 2005, pet. ref'd) (mem. op., not designated for publication) (concluding that a witness's reference to a prior assault was cured by a jury instruction and was not an "extreme case" warranting a mistrial).

We have applied this principle. In *Hill v. State*, we held that a trial court did not abuse its discretion by denying Hill's motion for mistrial because an instruction to disregard was sufficient to cure the harm caused by an officer's testimony about extraneous offenses. No. 02-06-00357-CR, 2007 WL 2792863, at *6 (Tex. App.—Fort Worth Sept. 27, 2007, pet. ref'd) (mem. op., not designated for publication). There, the officer gave an unresponsive answer about "previous burglaries" when the State asked about the officer's actions after seeing a car in the driveway of a house. *Id.* Hill, who had filed a motion in limine

4

concerning extraneous offenses, immediately objected. *Id.* This objection stopped the testimony, and the trial court promptly instructed the jury to disregard the officer's statement and denied Hill's motion for mistrial. *Id.* Hill claimed that the evidence was not relevant and was prejudicial, but we concluded that the instruction to disregard cured any harm or prejudice caused by the extraneous offense testimony. *Id.*

Similarly, in *Keele v. State*, our sister court held that there was no abuse of discretion in denying Keele's motion for a mistrial. No. 04-02-00132-CR, 2003 WL 21076655, at *3 (Tex. App.—San Antonio May 14, 2003, pet. ref'd) (mem. op., not designated for publication). There, the witness mentioned Keele's pending "attempted rape" charge, and Keele objected. *Id.* at *2–3. After the State asked a few more questions, Keele sought a mistrial because of the extraneous offense testimony. *Id.* at *3. The trial court denied the motion but did not instruct the jury to disregard the testimony because of the belief that mentioning the statement again would cause more harm. *See id.* at *3. On appeal, Keele complained only about the trial court's failure to grant a mistrial, not about the lack of a jury instruction. *Id.* Our sister court concluded that there was no abuse of discretion in denying the motion for mistrial because the testimony regarding the attempted rape was "unresponsive and fleeting." *Id.*

Courts have even held that curative instructions are sufficient to correct the harm caused when witnesses make multiple references to extraneous offenses. For example, in *Lusk v. State*, the court of appeals held that a trial court did not

5

abuse its discretion by denying a motion for mistrial when there were multiple references to prior offenses committed by the defendant because the curative jury instruction was sufficient to correct any harm. 82 S.W.3d 57, 63 (Tex. App.—Amarillo 2002, pet. ref'd). On appeal, Lusk argued that the trial court's instruction and admonishment of the witnesses failed to correct the harm caused by the testimony and that a mistrial was the only appropriate remedy. *Id.* The appellate court disagreed and concluded that the trial court's refusal to grant a mistrial was appropriate because the curative measures were sufficient to correct any harm caused by the extraneous testimony. *Id.*

Here, appellant filed a motion in limine to prohibit the State from introducing any evidence of her prior crimes.[5] The trial court granted appellant's motion prior to the commencement of voir dire. During redirect examination by the State, Corporal Gary Medlin—a Parker County police officer—spoke about extraneous offenses. The following exchange occurred:

> [THE STATE:] Corporal Medlin, Counsel described his client a little bit. I think she said -- he said she was 5 foot 6. Did y'all have . . . a weight on her that you had down in your records?
>
> [WITNESS:] It would have been in our -- our system.

---

[5]The motion stated in part,

> Defendant moves to exclude all extraneous crime or misconduct evidence which is not alleged in the [indictment], unless it can be shown . . . , outside the presence of the jury . . . , that this evidence is relevant to a material issue in the case, other than character conformity, and that its probative value outweighs its potential for prejudice.

[THE STATE:]  Okay.  And what did you have her down as?

[WITNESS:]  Previous theft charges.[6]

[THE STATE:]  Well, what was the --

[DEFENSE COUNSEL]:  Your Honor, may we approach?

THE COURT:  Yes.

. . . .

[DEFENSE COUNSEL]:  Your Honor, I'm going to ask for a mistrial.

[THE STATE]:  I didn't hear what he said.

[DEFENSE COUNSEL]:  He said theft charges.  We specifically had a Motion in Limine not to bring up any priors.  And this gentleman brought up a theft.  That was not the question.  He was asked:  Did you have it in your information as far as what weight you had on her.  I'm going to ask for a mistrial at this time.

[THE STATE]:  We'd just ask for an instruction to disregard. . . .  I was aiming for the weight is what I was trying to get him to tell me.

THE COURT:  . . .  I'm going to give them an instruction to disregard. . . .  [W]hy don't I give them an instruction to disregard, and let's take a break.

. . . .

[THE STATE]:  I didn't actually understand what he said.  So I assume you're going to say disregard the last response by the --

THE COURT:  Yes.  Yes.

. . . .

---

[6]We cannot agree with appellant's contention on appeal that the "evidence . . . complained of . . . went into specific instances of conduct."

7

THE COURT:  Ladies and gentlemen of the jury, you're instructed to disregard the last comment made by this witness. . . .

. . . .

[DEFENSE COUNSEL]:  Your Honor, at this point I'm going to ask . . . for a mistrial[7] based on this [witness's] testimony with regards to any prior allegations or convictions by my client of any bad acts.

I specifically had this court order and grant a Motion in Limine not to bring any of this information out or to invoke this kind of testimony.  The court granted it.  Instructions were given not to bring any of this stuff up specifically.

In fact, we even . . . went out of our way to make sure that the video was edited.  And, therefore, I'm going to ask for a mistrial.  I don't believe an instruction at this point is going to correct the error.  The bell's already been rung. . . .

. . . .

THE COURT:  . . .  The court will deny that motion . . . .  The court has given an instruction.  But Deputy, . . . the question that I heard asked was:  Did you have anything regarding the Defendant's weight.

[WITNESS]:  I clearly did not understand that.  I thought he said what -- what did you have down as prior.  That would be my fault.

_____

[7]We reject the State's preservation argument because appellant made the trial court aware of her complaint through a motion for mistrial and received a ruling.  *See* Tex. R. App. P. 33.1(a); *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) ("The essential requirement [for preservation] is a timely, specific request that the trial court refuses.").  We cannot, as the State contends, conclude that appellant had a duty to request a jury instruction when the trial court had already given one on its own accord.  *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) ("[A] defense request for an instruction to disregard before requesting a mistrial was unnecessary, as appellant pursued his objection 'to an adverse ruling,' i.e. the denial of his motion for mistrial, and the trial court did, in effect, instruct the jury to disregard the argument.").

8

The matter before us is similar to the cases discussed above where the courts held that curative jury instructions to disregard were sufficient to correct any harm caused by introducing evidence of extraneous offenses. Like in *Hill*, where the officer's testimony regarding extraneous offenses was unintentional and vague, Corporal Medlin stated that he inadvertently testified about extraneous offenses prohibited by the trial court's granting of appellant's motion in limine. *See* 2007 WL 2792863, at *6. Corporal Medlin admitted that he misunderstood the question about appellant's weight and thought that the State was asking about appellant's prior offenses. Like the trial court in *Hill*, the trial court here responded promptly to Corporal Medlin's unresponsive and unsolicited answer by giving an instruction to disregard. *See id.* Also, like the reference to the extraneous offense in *Keele*, Corporal Medlin's testimony was "unresponsive and fleeting." 2003 WL 21076655, at *3. One of the prosecutors for the State stated that she did not hear Corporal Medlin's statement, so it is also possible that the jury did not hear the response. But if the jury did hear Corporal Medlin's brief response, the trial court's prompt, unequivocal instruction to disregard cured any harm the statement may have caused.[8] *See id.*

---

[8]Appellant argues in part that Corporal Medlin's comment impacted the jury's punishment decision of seventy years' confinement. But during the punishment phase of the trial, the jury received evidence of appellant's multiple thefts of Christmas decorations and of her multiple felony convictions over the course of many years. We cannot conclude that Corporal Medlin's vague testimony harmed appellant with regard to her punishment when compared with the other facts that the jury later learned about her during the punishment phase. *See* Tex. R. App. P. 44.2(b).

Unlike the multiple references to extraneous offenses in *Lusk*, Corporal Medlin made only one unembellished, brief reference to appellant's prior offenses. *See* 82 S.W.3d at 63. There, witnesses made multiple references to extraneous offenses, and the court still held that the trial court's instruction to disregard was sufficient to cure any harm caused by the testimony and that a mistrial was unnecessary. *Id.* Because there were no more references to these extraneous offenses during the guilt phase of the trial, the trial court corrected any possible harm by issuing a curative jury instruction to disregard Corporal Medlin's brief, unsolicited answer.

Appellant contends that the trial court's curative instruction failed to cure any harm for the "same reason that it did so in" *Stine v. State*, 300 S.W.3d 52 (Tex. App.—Texarkana 2009, pet. dism'd). But the court in *Stine* held that an instruction cured harm and that a trial court therefore did not err by overruling a motion for mistrial. *Id.* at 59.

The testimony here was not "so clearly calculated to inflame the minds of the jury or . . . of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *See Drake*, 123 S.W.3d at 603–04. Therefore, the trial court successfully cured any harm caused by Corporal Medlin's unresponsive and unsolicited answer regarding an extraneous offense by instructing the jury to disregard the statement.[9] *See Hackett v. State*,

---

[9]Similarly, in its charge, the trial court instructed the jury to "not consider, discuss, or relate any matters not in evidence."

160 S.W.3d 588, 592 (Tex. App.—Waco 2005, pet. ref'd) ("Texas courts have consistently held that the prejudicial effect of such indirect suggestions can be cured by an instruction to disregard."); *Wilson v. State*, 90 S.W.3d 391, 395 (Tex. App.—Dallas 2002, no pet.) ("Generally, a prompt instruction to disregard will cure a witness's inadvertent reference to an extraneous offense."). We hold that the trial court did not abuse its discretion by denying appellant's motion for mistrial. *See Marchbanks*, 341 S.W.3d at 561. Thus, we overrule appellant's only point.

## Conclusion

Having overruled appellant's sole point, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 11, 2014

11